

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
09/16/2010

| | | |
|---|---|---|
| IN RE: § | | |
| ROBERT S BENNETT; aka BENNETT, § | Case No. 09-36637 | |
|     Debtor(s). § | | |
| § | Chapter 7 | |
| § | | |
| ROBBYE R. WALDRON, CH 7 TRUSTEE, § | | |
|     Plaintiff(s) § | | |
| § | | |
| VS. § | Adversary No. 10-3154 | |
| § | | |
| STEVEN L. WELTMAN, *et al*, § | | |
|     Defendant(s). § | Judge Isgur | |

## MEMORANDUM OPINION

Kelly Coghlan seeks summary judgment that his receipt of $47,275.01 from funds held by a state court receiver is a not avoidable as an unauthorized post-petition transfer of estate property under § 549 of the Bankruptcy Code. Because the $47,275.01 was not estate property, the Court grants summary judgment for Coghlan.

### Background

On November 12, 2003, Coghlan obtained a state court judgment against Robert S. Bennett, individually. Also on November 12, 2003, Coghlan obtained a state court order appointing Steven L. Weltman as a receiver to aid in the collection of the judgment against Bennett.

Bennett was the owner of The Bennett Law Firm, P.C. Although the underlying judgment was only against Bennett, individually, the state court ordered Bennett to pay certain proceeds from The Bennett Law Firm, P.C. to Weltman, as receiver.

Largely due to his dispute with Coghlan and his related dispute with Richard D. Pullman, Bennett filed a chapter 11 bankruptcy petition on August 11, 2008. That case was dismissed,

without a discharge, on August 31, 2009. Four days later, on September 3, 2009, Bennett filed a new chapter 11 petition. Because the new case was filed on the heels of the dismissal of the prior case, the automatic stay in Bennett's new case was set to terminate after 30 days, unless the stay was extended after notice and hearing. 11 U.S.C. § 362(c)(3). Bennett sought to extend the stay, but the requested extension was denied following a contested evidentiary hearing.

On the petition date, Weltman held approximately $53,000.00 in cash received from The Bennett Law Firm, P.C. Following the Court's order denying an extension of the automatic stay, the $53,000.00 was distributed pursuant to an order of the state court—$4,977.50 to Weltman and $47,275.01 to Coghlan. The Trustee seeks recovery of the $47,275.01.

## Summary Judgment Standard

Summary judgment should be granted "if the pleadings, the discovery, and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED R. CIV. P. 56(c); *Gray Law LLP v. Transcon. Ins. Co.*, 560 F.3d 361, 365 (5th Cir. 2009). Federal Rule of Bankruptcy Procedure 7056 incorporates Rule 56 in adversary proceedings.[1]

A party seeking summary judgment must demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) an absence of a genuine issue of material fact. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Warfield v. Byron*, 436

---

[1] Rule 56 was amended, effective December 1, 2007. Although most changes were stylistic, the changes to Rule 56(c) were substantive. Prior to the amendment, Rule 56(c) provided that the Court "shall" grant summary judgment if the relevant criteria were met. Effective December 1, 2007, the word "shall" was changed to "should". The Committee Notes to the 2007 amendment state that the word "[s]hould" was substituted for "shall" to recognize that, "although there is no discretion to enter summary judgment when there is a genuine issue as to any material fact, there is discretion to deny summary judgment when it appears that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56 advisory committee's notes (2007). As one commentator noted, "even when a motion for summary judgment is properly made and supported, it need not be granted . . . [s]uch a motion may be granted - indeed, it should be granted - but it does not have to be granted." Bradley S. Shannon, *Should Summary Judgment Be Granted?*, 58 Am. U. L. Rev. 85, 95 (2008).

F.3d 551, 557 (5th Cir. 2006). A genuine issue of material fact is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5 th Cir. 2008) ("A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party."); *James v. Tex. Collin County*, 535 F.3d 365, 373 (5th Cir. 2008). A court views the facts and evidence in the light most favorable to the non-moving party at all times. *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009); *LeMaire v. La. Dept. of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007). Nevertheless, a court is not obligated to search the record for the non-moving party's evidence. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). The Court should not weigh the evidence inasmuch as a credibility determination may not be part of the summary judgment analysis. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

"The moving party bears the burden of establishing that there are no genuine issues of material fact." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008). The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial.

If the movant bears the burden of proof on an issue, a successful motion must present evidence that would entitle the movant to judgment at trial. *Malacara v. Garber*, 353 F.3d 393, 403 (5th Cir. 2003); *Chaplin v. Nationscredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine issue of material fact. *Sossamon*, 560 F.3d at 326; *U.S. v. 92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008). The non-moving party has a duty to respond with specific evidence demonstrating a disputed fact issue. *Celotex Corp. Cattrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *92,203.00*

*in United States Currency*, 537 F.3d at 507. When identifying specific evidence in the record, the non-movant must "articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004); *Raga v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

If the movant does not bear the burden of proof, the movant must show the absence of sufficient evidence to support an essential element of the opposing party's claim. *Norwegian Bulk Transp. A/S*, 520 F.3d at 412; *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006). Movants who do not bear the ultimate burden of proof often seek summary judgment after discovery has produced insufficient evidence to support the non-moving party's claims. Upon an adequate showing of insufficient evidence, the non-movant must respond with sufficient evidence to support the challenged element of its case. *Celotex*, 477 U.S. at 324. The non-movant must "go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue" rather than relying on conclusory allegations. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 163–64 (5th Cir. 2006); *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). Ultimately, the motion should be granted if the non-moving party cannot produce evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

### Requirements for Relief Under § 549

The Trustee properly sets forth the requirements of § 549. To avoid a post-petition transfer under § 549, the Trustee must prove the following elements:

1. A transfer of estate property has occurred;
2. The transfer occurred after the commencement of the case; and
3. The transfer was made without bankruptcy court authorization.

*Sommers v. Katy Steel Co.,* 343 B.R. 573 (Bankr. S.D. Tex. 2006), *aff'd,* 229 FED. APPX. 294 (5th Cir. 2007).

Although Coghlan attempts to dispute the second and third factors, they are not susceptible to reasonable dispute. The transfer from Weltman occurred after the case was commenced. This Court—although aware of Coghlan's attempts in state court—never authorized Coghlan to proceed in state court.

The real issue is whether the property was property of the estate. There can be no dispute that all of Bennett's property became estate property on the filing of the petition. 11 U.S.C. § 541(a). The funds on deposit with Weltman were not claimed as exempt. Accordingly, to the extent that the funds were Bennett's property on the petition date, they were estate property on the date of the transfer.

Bennett owned The Bennett Law Firm, P.C. When Bennett filed his bankruptcy petition, the stock in The Bennett Law Firm, P.C. became estate property. However, the assets of the law firm remained the property of The Bennett Law Firm, P.C. and did not become estate property.

As set forth in the background section above, Coghlan's judgment was only against Bennett. However, the state court receivership order required Bennett to deposit proceeds from The Bennett Law Firm, P.C. with Weltman.

In this lawsuit, the Trustee sued both Coghlan and Weltman. The Trustee subsequently sought to settle with Weltman. In order to accomplish the settlement, the Trustee was required to file a motion to compromise with the Court in bankruptcy case 09-36637. In arguing that the Court should approve his compromise with Weltman, the Trustee alleged the following about the funds that were deposited with Weltman:

> The Trustee's analysis of the applicable law and the credibility of the available witnesses, however, have led him to the conclusion that the proposed resolution is

> in the best interest of the estate and creditors. For instance, despite the Debtor's sworn schedules reflecting that the cash deposited with Mr. Weltman belonged to the Debtor, the source of the payments made to Mr. Weltman was actually The Bennett Law Firm, P.C. While the Trustee has considered a number of alternative theories, including a "deemed distribution" theory, the Trustee recognizes that his primary witness on the issue is less than credible. Moreover, the Trustee is aware of the state court's findings regarding the nature of the property received by Mr. Weltman. While the Trustee believes that the state court is wrong, the Trustee is also aware that the Debtor did not contest the state court's actions.

Trustee's Motion to Compromise, Doc. #123, ¶ 15. On the Trustee's uncontested allegations, the Court approved the proposed compromise on July 8, 2010.

Although the Trustee did not forfeit his "deemed distribution" argument, he is judicially estopped from alleging that the funds were not deposited with Weltman by The Bennett Law Firm, P.C.

> Judicial estoppel is "a common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position". *Brandon v. Interfirst Corp.*, 858 F.2d 266, 268 (5th Cir.1988). The purpose of the doctrine is "to protect the integrity of the judicial process", by "prevent[ing] parties from playing fast and loose with the courts to suit the exigencies of self interest." *Id.* (internal quotation marks, parentheses, and citation omitted). Because the doctrine is intended to protect the judicial system, rather than the litigants, detrimental reliance by the opponent of the party against whom the doctrine is applied is not necessary. *See Matter of Cassidy*, 892 F.2d 637, 641 & n. 2 (7th Cir.), *cert. denied*, 498 U.S. 812, 111 S.Ct. 48, 112 L.Ed.2d 24 (1990).
> …
>
> Most courts have identified at least two limitations on the application of the doctrine: (1) it may be applied only where the position of the party to be estopped is clearly inconsistent with its previous one; and (2) that party must have convinced the court to accept that previous position.

*In re Coastal Plains, Inc.,* 179 F.3d 197, 205-06 (5th Cir. 1999).

In this case, the Trustee has successfully compromised with one Defendant by informing the Court that the funds were deposited by The Bennett Law Firm, P.C. The Trustee may not now allege the opposite.

The Court recognizes the vagueness of the Trustee's argument that the $47,275.01 belongs to the estate. It is possible that the Trustee does not now dispute that the funds were deposited by The Bennett Law Firm, P.C. But, the Trustee makes no argument as to how funds deposited by The Bennett Law Firm, P.C. ever became Bennett's (and thus, the estate's) property.[2] If the Trustee is relying on a deemed distribution argument, he offers no legal or factual support for the argument.

Accordingly, the Court concludes that the summary judgment evidence demonstrates that the funds received by Coghlan were not estate property. If the funds were not estate property, then summary judgment must be granted against the Trustee.

## Conclusion

Because Coghlan received funds that were not from the Estate, the Trustee is unable to maintain his § 549 cause of action. Judgment will be issued for Coghlan.

SIGNED **September 16, 2010.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE

---

[2] The balance of the Trustee's arguments pertain to whether the character of the funds would have remained estate property in Weltman's hands. However, since the Trustee fails to argue that the funds were Bennett's property at the time of their deposit, these arguments are irrelevant.